Good morning, your honors. Nicholas Markey on behalf of petitioners, and I reserve approximately two minutes for rebuttal. May it please the court and counsel, this is a immigration appeal coming from the Board of Immigration Appeals after the immigration judge had denied my client's request for asylum, withholding a removal and convention against torture as relief from removal. The petitioners were placed into proceedings in 2015 when they presented themselves at the border and... So counsel, forgive me for interrupting, but it seems that you're arguing here on appeal that the abuse that your client suffered at the hands of her husband qualifies because the nuclear family is a relevant unit. But below, it wasn't clear to me whether that was your argument or whether you were saying that the relevant unit was her husband's family. Well, your honor, it would be a hybrid of both. We designated the family unit as the particular social group and additionally as the family unit as it relates to the husband, Francisco. So I would say that those are intertwined units. I don't understand that. As I understand the facts, she was being severely abused and followed and pursued because her husband viewed her as his property, his woman, all things related to his rather, the allegations are true, disgusting views of the nuclear family. Not because of how he viewed her in terms of his overall family. So I think there's a difference between those two situations. Well, I would respectfully disagree, your honor. It was his family and his nuclear family as one. As he said, you were my woman and he was married to her. Maybe forgive me once again. By nuclear family, I mean him, his wife, your client, and their children. By his family, that broadens it to include his parents, his siblings, and so forth. I don't know what kind of family you grew up in, but most people distinguish those two situations. So when I say nuclear family, I'm talking about the husband, the wife, and their children is including your client as the wife. Is that the relevant unit or do you think it's some other unit? That's the relevant unit, your honor. It is his wife and his family, not his parents. Okay, then I come back to my original question, which was, didn't you seemingly argue below that the relevant unit was the one involving his parents, his siblings, and so forth? No, I would apologize if we weren't clear on that. Well, Mr. Marchi, it's more than not being clear. If you define, if before the BIA, you argued that she was eligible for asylum based on her husband's persecution of her as a member of his family, then you're in what we call, you're in a position that you don't get to propose a new social group for the first time on appeal. So show us, I'm going to drill down a little more on you. Judge Rakoff has gently led you down that path, but we're down below. That's what it looks like to me, how you defined the social group. And now you want to define an entirely new social group, perhaps based on an opinion called diasporanoso versus R, but you can't just find a new social group for the first time on appeal. I don't believe I'm defining a new social group, your honor. I think we are identifying it. Show me where you define the social group other than persecution of her as a member of his family. We're in the record. I'm checking, your honor. If you don't have it right at the tip of your fingertips, you might want to use your time and come back on the buzzer with that. I would cite the court to the immigration judges definition of 5456, but I don't have it at my... I'm not grasping it right now. But be that as it may, I think we're not defining a new social group, your honor. I think it was the family as the unit, as his family, not the extended family. And I think that that was clear with the judge when he said there was no evidence that was presented of that. And he then addressed the acquiescence that was required through the withholding. The government asserts that Ms. Garcia did not raise her alternate claims of belonging to a particular social group of abused women in a corrupt country before the BIA. So other than the passage in Ms. Garcia's brief in the BIA that you mentioned in your brief to this court, is there any indication that the BIA considered this alternate claim? No, there is not, your honor, other than what we cited in our brief. Okay. I'll go ahead, Judge Christian. Thank you, Judge Callahan. I have a slightly different question. It seems to me that the immigration judge, immigration court decided that even assuming the particular social group was cognizable, there wasn't anything to indicate that the harm was on account of membership in that group. What's your strongest nexus evidence? The strongest nexus evidence is that in which when she reported it to the police, the police didn't follow through on any action with it. So that would be our nexus argument. Well, I don't have anything further. Again, maybe I'm misunderstanding you. I thought that if you believe the relevant unit was the nuclear family of the husband, the wife, and the then they're looking at the record at AR-122, your client testified. And on top of that, he hit me saying I was his woman and that no matter what, I had to be with him. And then he emphasized it to my face that no matter where I went, he'd be able to find me, et cetera. So that seems to be an assertion that she was being abused because of her membership in this abusive nuclear family. Are you not saying that? Yes, we are saying that, Your Honor. So the police is another issue, but it's not critical or it's not the only piece that you're relying on. That's correct, Your Honor. The police and their actions to it come forward in the Convention Against Torture request for relief, as well as the withholding. And I don't think the government would counter that the police didn't take any action. While the immigration judge said that the police investigated it, therefore there wasn't any acquiescence, it's our position that while they may have taken a report, they didn't follow up on it. And that would be acquiescent. Okay, basically your time's expired, but I'll give you two minutes for rebuttal. Okay, since we asked a lot of questions. All right, thank you. All right, we'll hear from the government. Thank you, Your Honor. My name is Lance Jolly. I represent the respondent, United States Attorney General. Substantial evidence supports the agency's denial of asylum withholding of removal and protection under the Convention Against Torture. So, excuse me. Assuming that the notion of the nuclear family as a cognizable social group was preserved below, assuming that for the sake of argument, you seem to be taking the position, if I read your brief correctly, that that's not a cognizable social group within the definition of the statute? I don't know where that question comes from as far as our group. Well, let me ask you right now. So, the statute says membership in a particular social group. So, if the claim is that she was persecuted because of her membership in an abusive nuclear family, do you agree that if she were able to show that adequately, she has established persecution because of membership in a particular social group? As far as I understand the agency's decision, is they considered... I'd like a yes or no answer to what is your position. Yes or no to my question. I don't think that is a question asking you to ramble on about other matters. I understood, but the cognizability... So, what is the answer? Yes or no? The agency made no determination regarding the cognizability of the nuclear family. I'm asking what's your position? I would violate Chenery's well-established doctrines that I can't get in front of the agency on things like that. I would go... I would point to a matter of LEA, the second thing, the AG's determination that it generally is not, and that's not a... I don't read it as a per se rule, but as this court in has emphasized, these cases are a case-by-case factor. Well, what do you make of the decision of the Ninth Circuit in 2015 in the case of Rios versus Lynch, 807 F. 3rd, 1123 at 1128, quote, the family remains the quintessential social group under this statute. Right. That's Rios, and under the AG's decision in LEA2, which is after these proceedings, the Attorney General has criticized that decision. Well, that's certainly his First Amendment right to do, but that's not dispositive for our purposes, is it? I'm not taking a position on this because it was not an issue before the agency. I won't get ahead of the agency on this. Well, but yeah, so here's my point to you. Maybe I've unclear. If I disagree with the notion that it wasn't raised below, and if this court concludes that, however, inexpertly he raised below the question of persecution by nuclear family, then if the agency disregarded that or misunderstood him, do we not at an absolute minimum have to send it back? Well, the immigration judge considered family to a context. If you look at the group, his theory of the case, it was an ARCG type case, an unable to leave a relationship type of case. That was the theory, and the immigration judge rejected that theory, and to respond, they considered a family-based claim under LEA, the first LEA. On appeal to the board, a petitioner only challenged the family-based claim, the old LEA, and under the old LEA, the social group at issue was the members of the immediate family, and as petitioner has the burden to statistically delineate the proposed group, he did not preserve nuclear family. I understand. This is my last question, and then I will shut up. Your position, I understand, is that he did not preserve nuclear family. If you're right, great, but if you're wrong, if this court says, yes, he did, maybe not as well as would be ideal, but yes, he did, if we were to determine that he did, then do we not at a minimum have to remand for consideration by the IJ whether under that circumstance she qualifies? It would, remand would depend on your consideration of the nexus issue, and the IJ, the record simply does not compel reversal of the IJ on the nexus issue, but yeah, I guess that would be my answer to that question. Counsel, could I get a word of advice here? I just, that is my interest in this case is nexus. I've asked opposing counsel. My question is for both of you. What's the strongest nexus argument? Well, when the immigration judge specifically asked petitioner, why do you think he was being hostile towards you? Page 139 of the record. She pointed, she stated that he had started taking drugs and smoking a lot, and so the immigration judge, although he couldn't find a clear motive with that, but he was satisfied that it was not based on her membership in the family unit. How could that be true when, you know, are we to blind ourselves to a world in which spousal abuse is routine, in which it derives from the fact that the male member believes that he has a right to inflict punishment and abuse on his wife that he could not otherwise inflict on anyone else? What world are you living in? Certainly the court should not be blind to domestic violence and all that. The immigration judge was aware of the situation and went beyond the theory, the ARCG theory of petitioner's case. If petitioner wanted to do more of the more domestic violence kind of case that, like the ARCG type case, he should have addressed that on appeal to the board, but he did not. There's many, domestic violence, it's not, there's no, there's never just one basic reason for it, right? And so it's a complicated, nuanced thing, and the record unfortunately just does not provide much of a basis for a motive that would point to a protected ground, at least on the, as with respect to the family group claims here. What about the testimony that I read earlier to your adversary, where she testified, quote, he would sexually abuse me, and on top of that he hit me, saying I was his woman, and that no matter what, I had to be with him, and then he emphasized it to my face, that no matter where I went, he'd be able to find me. That's a, why isn't that a statement flat out, that the reason he felt he could hit her and abuse her was because she was married to him? Well, that goes a little beyond it, but the immigration judge, I think, would agree with you, because he observed that her ex-husband had a deranged attitude toward the family, prompted by unknown sources, and so the immigration judge has to look to whether there's protected ground for it, and so he considered family, but he was not satisfied, and the record does not compel a contrary conclusion that there was the requisite nexus for asylum or withholding relief. All right, do either of my colleagues have any additional questions? I do not. We haven't talked, we haven't talked about caste protection, if the court has any questions about that. It's a, it's a forward-looking relief. The immigration judge was aware of the interaction in in Zihuatanejo, which is in the state of Michoacan. It appears that the immigration judge found that the police in Zihuatanejo were responsive to Garcia's complaint against her ex-husband, and that that, and the BIA's determination that she failed to meet her burden of establishing that she's likely to be tortured if returned to Mexico. So is that what you are referring to? I'm referring to Cat in general. The critical thing about the IJ's decision was he focused on where she basically is living now, her own hometown. The local officials there have taken action, and it falls far, the action they have taken, taking the report, responding to calls, clearly shows that substantial evidence that they have not acted yet. All right, we've gone over your time. We're familiar with, you're familiar with the record. So unless my colleagues have any additional questions, we'll finish up with rebuttal from the petitioner. Thank you, Mr. Dolley. You're welcome. Yes, your honor, no further rebuttal on behalf of the petitioner. All right, thank you both for your argument in this matter. Did either of my colleagues have any additional questions of Mr. Marchi before I close this out? No, thank you. No. All right, thank you. This matter then will be stamp submitted.
judges: Callahan, Christen, Rakoff